**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| E2E SYSTEMS LLC,<br>Plaintiff,<br>v.<br>CABLE ONE, INC.,<br>Defendant. | Civil Action No. 2:26-cv-00969<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff E2E Systems LLC ("E2E Systems" or "Plaintiff") files this complaint against Cable One, Inc. ("Cable One, Inc." or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"):

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 8,037,041 | System for Dynamic Keyword Aggregation, Search Query Generation and Submission to Third-Party Information Search Utilities | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8037041 |
| B. | 7,826,567 | Method and Apparatus for Coarse and Fine Frequency and Timing Synchronisation | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7826567 |
| C. | 7,725,128 | Integrated Instant Messaging and Web Browsing Client and Related Methods | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7725128 |

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| D. | 7,400,640 | Partitioned Medium Access Control Implementation | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7400640 |
| E. | 7,933,293 | Link Margin Notification Using Return Frame | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7933293 |
| F. | 8,565,164 | Wireless Mesh Architecture | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/8565164 |
| G. | 7,574,553 | Digital Component Power Savings in a Host Device and Method | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7574553 |
| H. | 7,643,480 | Method and System for Reliably and Efficiently Transporting Data Over a Network | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/7643480 |

2. E2E Systems seeks injunctive relief and monetary damages.

## PARTIES

3. Plaintiff is a limited liability company formed under the laws of Texas with its registered office address located at 815 Brazos St., Ste. 500, Austin, Texas 78701.

4. Defendant is a corporation organized and existing under the laws of Delaware.

5. Defendant has its principal place of business at 210 E. Earll Drive, Phoenix, Arizona 85012.

6. Defendant can be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant operates and markets its services through several regional and national brands, including but not limited to Sparklight®.

8. "Sparklight® is a dba ('doing business as') alias of Cable One, Inc." SPARKLIGHT.COM, https://www.sparklight.com/legal/terms-and-conditions.

9. Defendant maintains many locations at which it operates its businesses in Texas[1] and in this District that are the subject of this patent infringement case, including, but not limited to: 501 E. Grand Ave., Marshall, TX 75670; and 3616 Gum Springs Rd., Longview, TX 75602.

## JURISDICTION AND VENUE

10. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

11. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

12. Defendant is subject to this Court's specific and general personal jurisdiction under due process due at least to Defendant's substantial business in this judicial district, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

13. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, and offers its services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

[1] Texas locations available at SPARKLIGHT.COM, https://business.sparklight.com/locations/tx.

14. Defendant maintains a regular and established place of business in this District, including but not limited to: 501 E. Grand Ave., Marshall, TX 75670; and 3616 Gum Springs Rd., Longview, TX 75602.

15. Defendant commits acts of infringement in this District, including, but not limited to, use of the Accused Products identified below.

16. Therefore, venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because it has established and maintained a regular place of business in this District and has committed acts of patent infringement in this District.

**THE ACCUSED PRODUCTS**

17. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

18. Based upon public information, Defendant owns, operates, advertises, and/or controls the websites https://cableone.biz/ and www.sparklight.com (including support.sparklight.com) through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.

19. In addition, the "Sparklight App" and the "SparklightTV" app are made available by Defendant for download through smartphone app providers.

20. Defendant makes, uses, causes to be used, sells, offers for sale, imports, provides, supplies, or distributes products and services including: (i) the Sparklight support website and its real-time text-entry search functionality; (ii) Wi-Fi devices supporting IEEE 802.11n (Wi-Fi 4) and later standards; (iii) the Sparklight App; (iv) IEEE 802.11be ("Wi-Fi 7") devices, including eero Wi-Fi 7 devices; (v) wireless mesh network devices compliant with the Thread networking stack, including eero devices; (vi) wireless mesh network devices operating under IEEE 802.11;

(vii) computing devices, including modems such as the Hitron CODA-5719, Hitron CODA-4782, and ARRIS DG3450; and (viii) the SparklightTV data transport system and app (collectively, the "Accused Products"). **Exhibit A** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,037,041), **Exhibit B** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,826,567), **Exhibit C** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,725,128), **Exhibit D** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,400,640), **Exhibit E** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,933,293), **Exhibit F** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,565,164), **Exhibit G** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,574,553), and **Exhibit H** (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,643,480).

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 8,037,041

21. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

22. The USPTO duly issued U.S. Patent No. 8,037,041 (the "'041 patent") on October 11, 2011 after full and fair examination of Application No. 11/400,002 which was filed April 7, 2006. *See* '041 patent at 1.

23. The claims of the '041 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of computer-based search systems by, for example, parsing real-time textual input in a background processing mode, contemporaneously with entry of the text, to aggregate keywords or phrases based on parsing rules and to format and submit those keywords as search submissions to a distinct search facility.

24. The written description of the ’041 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

25. E2E Systems owns all substantial rights, interest, and title in and to the ’041 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

26. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’041 patent.

27. Defendant has directly infringed and continues to directly infringe one or more claims of the ’041 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

28. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’041 patent, as detailed in Exhibit A (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,037,041).

29. As just one example, as exemplified in Exhibit A, Defendant, through the use and provision of the Accused Products, performs a method comprising receiving by a computing device real-time textual input entered into a document to generate the document; contemporaneously with entry of the real-time textual input, parsing the real-time textual input by the computing device in a background processing mode to aggregate keywords or phrases contained within the real-time textual input based on one or more parsing rules, and formatting by

the computing device the aggregated keywords into one or more search submissions; submitting by the computing device the one or more searches to a search facility distinct from the computing device; receiving by the computing device search results responsive to the submitted searches; and displaying by the computing device the search results.

30. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’041 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’041 patent by providing use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’041 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’041 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’041 patent. Defendant’s inducement is ongoing.

31. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’041 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’041 patent by its customers, personnel, and contractors.

The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '041 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '041 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

32. Defendant has knowledge of the '041 patent at least as of the date when each was notified of the filing of this action.

33. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems' patent rights.

34. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

35. Defendant's infringement of the '041 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems' rights under the patent.

36. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

37. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '041 patent. Defendant's actions have interfered with and will interfere with E2E Systems' ability to license technology. The balance of hardships favors E2E Systems' ability to commercialize its own ideas and technology.

The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,826,567**

38. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

39. The USPTO duly issued U.S. Patent No. 7,826,567 (the "'567 patent") on November 2, 2010 after full and fair examination of Application No. 10/563,926, which is the national stage of PCT Application No. PCT/IB2004/051133 filed July 6, 2004. *See* '567 patent at 1.

40. The claims of the '567 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of wireless receivers by, for example, improving time synchronization accuracy through a coarse time synchronization that autocorrelates samples of a group of preamble symbols and a separate fine time synchronization that crosscorrelates samples of a further group of preamble symbols with predefined samples.

41. The written description of the '567 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

42. E2E Systems owns all substantial rights, interest, and title in and to the '567 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

43. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’567 patent.

44. Defendant has directly infringed and continues to directly infringe one or more claims of the ’567 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

45. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’567 patent, as detailed in Exhibit B (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,826,567).

46. As just one example, as exemplified in Exhibit B, the Accused Products provide a receiver for receiving frequency signals, the receiver comprising: a processing stage for converting the frequency signals into baseband signals comprising preamble symbols and data symbols and for processing the baseband signals; and a synchronization stage for synchronising the processing stage and comprising a first part for performing a coarse time synchronization and a second part for performing a fine time synchronization, wherein the first part comprises an autocorrelating unit for autocorrelating samples of a group of preamble symbols, wherein the second part comprises a crosscorrelating unit for crosscorrelating samples of a further group of preamble symbols with predefined samples, and wherein the result of the autocorrelating the samples of the group of preamble symbols by the autocorrelating unit is not used by the crosscorrelating unit for the crosscorrelating the samples of the further group of preamble symbols with the predefined samples.

47. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’567 patent by inducing others to

directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant's customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the '567 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '567 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '567 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '567 patent. Defendant's inducement is ongoing.

48. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the '567 patent. Defendant has contributed and continues to contribute to the direct infringement of the '567 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '567 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the '567 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant's contributory infringement is ongoing.

49. Defendant has had knowledge of the ’567 patent at least as of the date when it was notified of the filing of this action.

50. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

51. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

52. Defendant’s infringement of the ’567 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

53. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

54. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant’s infringement of the ’567 patent. Defendant’s actions have interfered with and will interfere with E2E Systems’ ability to license technology. The balance of hardships favors E2E Systems’ ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 7,725,128

55. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

56. The USPTO duly issued U.S. Patent No. 7,725,128 (the "'128 patent") on May 25, 2010 after full and fair examination of Application No. 11/673,490 which was filed February 9, 2007. *See* '128 patent at 1.

57. The claims of the '128 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of mobile and embedded devices by, for example, providing an integrated single application environment that shares data between instant messaging and web browser submodules and manages their separate threads of activity in parallel, allowing users to simultaneously message and browse.

58. The written description of the '128 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

59. E2E Systems owns all substantial rights, interest, and title in and to the '128 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

60. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '128 patent.

61. Defendant has directly infringed and continues to directly infringe one or more claims of the '128 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

62. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’128 patent, as detailed in Exhibit C (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,725,128).

63. As just one example, as exemplified in Exhibit C, the Accused Products provide a computer storage media having program instructions stored thereon executable by a processing unit for performing the steps of: receiving instant messages; sending instant messages; and receiving web page content; enabling a user to view the instant messages and/or web page content via an integrated single application on a screen of a mobile device simultaneously; wherein the control module includes an instant messaging submodule and a web browser submodule, said instant messaging submodule being adapted to send data to said web browser and to receive data from said web browser submodule; wherein said control module is adapted to manage separate threads of activities of said instant messaging submodule and web browser submodule, and wherein said control module is adapted for managing separate threads in parallel.

64. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’128 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’128 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’128 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner;

advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’128 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’128 patent. Defendant’s inducement is ongoing.

65. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’128 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’128 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’128 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’128 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

66. Defendant has had knowledge of the ’128 patent at least as of the date when it was notified of the filing of this action.

67. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

68. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

69. Defendant’s infringement of the ’128 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

70. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

71. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '128 patent. Defendant's actions have interfered with and will interfere with E2E Systems' ability to license technology. The balance of hardships favors E2E Systems' ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,400,640**

72. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

73. The USPTO duly issued U.S. Patent No. 7,400,640 (the "'640 patent") on July 15, 2008 after full and fair examination of Application No. 10/701,126 which was filed November 4, 2003. *See* '640 patent at 1.

74. The claims of the '640 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of wireless terminals by, for example, partitioning medium access control into an upper MAC and a lower MAC that communicate over a shared bus, resulting in a cost-effective distributed architecture that does not require additional communication means between the upper and lower MAC.

75. The written description of the ’640 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

76. E2E Systems owns all substantial rights, interest, and title in and to the ’640 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

77. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’640 patent.

78. Defendant has directly infringed and continues to directly infringe one or more claims of the ’640 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

79. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’640 patent, as detailed in Exhibit D (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,400,640).

80. As just one example, as exemplified in Exhibit D, the Accused Products provide an apparatus comprising (a) a processor for generating an outgoing message to be transmitted to a remote terminal via a first service data unit; (b) a first circuit for: (i) providing a first medium-access-control service, and (ii) generating a first protocol data unit based on said first service data unit; (c) a second circuit for: (i) providing a second medium-access-control service, and (ii) generating a second protocol data unit based on said first protocol data unit; (d) a physical control

for: (i) generating a third protocol data unit based on said second protocol data unit, and (ii) transmitting a first signal based on said third protocol data unit to said remote terminal; (e) a bus for: (i) transferring signals between said processor and a peripheral, and (ii) transferring said first protocol data unit from said first circuit to said second circuit; and (f) wherein said first, second, and third protocol data units are different.

81. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’640 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’640 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’640 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’640 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’640 patent. Defendant’s inducement is ongoing.

82. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’640 patent. Defendant has contributed and continues to

contribute to the direct infringement of the ’640 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’640 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’640 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

83. Defendant has had knowledge of the ’640 patent at least as of the date when it was notified of the filing of this action.

84. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

85. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

86. Defendant’s infringement of the ’640 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

87. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

88. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant’s infringement of the ’640 patent. Defendant’s actions have interfered with and will interfere with E2E Systems’ ability to license technology. The

balance of hardships favors E2E Systems' ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 7,933,293**

89. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

90. The USPTO duly issued U.S. Patent No. 7,933,293 (the "'293 patent") on April 26, 2011 after full and fair examination of Application No. 10/880,366 which was filed June 30, 2004. *See* '293 patent at 1.

91. The claims of the '293 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon power management in wireless networks by, for example, determining an overall link margin from a moving average of individual link margins for frames received from another wireless device and transmitting that overall link margin to the other device in another frame.

92. The written description of the '293 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

93. E2E Systems owns all substantial rights, interest, and title in and to the '293 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

94. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’293 patent.

95. Defendant has directly infringed and continues to directly infringe one or more claims of the ’293 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

96. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’293 patent, as detailed in Exhibit E (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,933,293).

97. As just one example, as exemplified in Exhibit E, Defendant, through the use and provision of the Accused Products, performs a method comprising: receiving, at a first wireless device, a plurality of first frames from a second wireless device; the first wireless device determining an overall link margin by calculating a moving average of individual link margins for each of the plurality of frames received from the second wireless device; and the first wireless device transmitting the overall link margin for reception by the second wireless device in a second frame.

98. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’293 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’293 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused

Products in a manner that infringes one or more claims of the ’293 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’293 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’293 patent. Defendant’s inducement is ongoing.

99. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’293 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’293 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’293 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’293 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

100. Defendant has had knowledge of the ’293 patent at least as of the date when it was notified of the filing of this action.

101. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

102. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

103. Defendant's infringement of the '293 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems' rights under the patent.

104. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

105. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '293 patent. Defendant's actions have interfered with and will interfere with E2E Systems' ability to license technology. The balance of hardships favors E2E Systems' ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 8,565,164**

106. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

107. The USPTO duly issued U.S. Patent No. 8,565,164 (the "'164 patent") on October 22, 2013 after full and fair examination of Application No. 12/356,232 which was filed January 20, 2009. *See* '164 patent at 1.

108. The claims of the '164 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include

inventive components that improve upon wireless mesh network architectures by, for example, having the end points of a link negotiate rendezvous characteristics, including a rendezvous channel and rendezvous duration, so that the selected link is tuned to minimize interference and power usage in the network.

109. The written description of the ’164 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

110. E2E Systems owns all substantial rights, interest, and title in and to the ’164 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

111. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’164 patent.

112. Defendant has directly infringed and continues to directly infringe one or more claims of the ’164 patent by using, selling, offering to sell, providing, supplying, or distributing the Accused Products.

113. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the ’164 patent, as detailed in Exhibit F (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,565,164).

114. As just one example, as exemplified in Exhibit F, Defendant, through the use and provision of the Accused Products, performs a method of establishing a wireless network

communication channel between two end points includes the steps of: the two end points negotiating a rendezvous, including selecting at least one rendezvous channel and rendezvous instance characteristic of the link; and storing the rendezvous channel and rendezvous instance characteristic at each of the end points of the link; wherein the rendezvous instance characteristic is a rendezvous duration; wherein the step of selecting a rendezvous duration includes the steps of at each end point: selecting a desired rendezvous duration; receiving a proposed rendezvous duration; and selecting, as the rendezvous duration of the link, the greater of the desired rendezvous duration and the proposed rendezvous duration.

115. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’164 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’164 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’164 patent, including, for example, claim 1. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’164 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware

that the normal and customary use of the Accused Products by others would infringe the ’164 patent. Defendant’s inducement is ongoing.

116. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’164 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’164 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’164 patent, including, for example, claim 1. The special features constitute a material part of the invention of one or more of the claims of the ’164 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

117. Defendant has had knowledge of the ’164 patent at least as of the date when it was notified of the filing of this action.

118. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

119. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

120. Defendant’s infringement of the ’164 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

121. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

122. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant's infringement of the '164 patent. Defendant's actions have interfered with and will interfere with E2E Systems' ability to license technology. The balance of hardships favors E2E Systems' ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT VII: INFRINGEMENT OF U.S. PATENT NO. 7,574,553**

123. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

124. The USPTO duly issued U.S. Patent No. 7,574,553 (the "'553 patent") on August 11, 2009 after full and fair examination of Application No. 11/454,493 which was filed June 16, 2006. *See* '553 patent at 1.

125. The claims of the '553 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon power management in digital components by, for example, providing a control section that evaluates commands output over a data bus, turns on power to an operational section when a command is addressed to the device, and otherwise limits current draw to a leakage current following an idle time.

126. The written description of the '553 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and

improved upon what may have been considered conventional or generic in the art at the time of the invention.

127. E2E Systems owns all substantial rights, interest, and title in and to the ’553 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

128. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’553 patent.

129. Defendant has directly infringed and continues to directly infringe one or more claims of the ’553 patent by making, using, selling, offering to sell, importing, providing, supplying, or distributing the Accused Products.

130. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 12 of the ’553 patent, as detailed in Exhibit G (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,574,553).

131. As just one example, as exemplified in Exhibit G, the Accused Products provide a computer system comprising a host device having a data bus; and a plurality of peripheral devices each coupled to the data bus, the host device configured to output commands to each of the plurality of peripheral devices over the data bus; wherein a first device of the plurality of peripheral devices includes a control section and an operational section, wherein the control section is programmed to evaluate the commands and, if an address of one of the commands corresponds to the first device, to turn on power to the operational section; wherein the control section is configured to turn off power to the operational section and to draw no more than a leakage current

following an idle time in which no commands addressed to the first device are output over the host bus.

132. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’553 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’553 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’553 patent, including, for example, claim 12. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’553 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’553 patent. Defendant’s inducement is ongoing.

133. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’553 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’553 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’553

patent, including, for example, claim 12. The special features constitute a material part of the invention of one or more of the claims of the ’553 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

134. Defendant has had knowledge of the ’553 patent at least as of the date when it was notified of the filing of this action.

135. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

136. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

137. Defendant’s infringement of the ’553 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

138. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

139. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant’s infringement of the ’553 patent. Defendant’s actions have interfered with and will interfere with E2E Systems’ ability to license technology. The balance of hardships favors E2E Systems’ ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT VIII: INFRINGEMENT OF U.S. PATENT NO. 7,643,480**

140. E2E Systems repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

141. The USPTO duly issued U.S. Patent No. 7,643,480 (the "'480 patent") on January 5, 2010 after full and fair examination of Application No. 11/041,079 which was filed January 21, 2005. *See* '480 patent at 1.

142. The claims of the '480 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the reliable and efficient transport of data over networks by, for example, transporting the majority of data packets over an efficient channel to a receiving proxy cache that verifies transmission status of the data packets and controls retransmission of erroneous packets over a reliable channel in response to detecting a transmission error.

143. The written description of the '480 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

144. E2E Systems owns all substantial rights, interest, and title in and to the '480 patent, including the sole and exclusive right to prosecute this action and enforce it against infringers and to collect damages for all relevant times.

145. E2E Systems or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '480 patent.

146. Defendant has directly infringed and continues to directly infringe one or more claims of the ’480 patent by making, using, selling, offering to sell, importing, providing, supplying, or distributing the Accused Products.

147. Defendant has directly infringed and continues to directly infringe, either literally or under the doctrine of equivalents, at least claim 44 of the ’480 patent, as detailed in Exhibit H (Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,643,480).

148. As just one example, as exemplified in Exhibit H, the Accused Products provide a data transport system for reliably and efficiently transporting data over a network, comprising: a server configured to package data into a plurality of data packets, including inserting a sequence number field into a payload of the data packets; a receiving proxy cache configured to control transmission of the plurality of data packets from the server to a first buffer of the receiving proxy cache over an efficient channel; wherein the receiving proxy cache is configured to verify a transmission status of the plurality of data packets in the first buffer using at least one of the sequence number field, a checksum field, and a timestamp field; wherein the receiving proxy is further configured to control retransmission of a data packet from the server to the receiving proxy, over a reliable channel in response to the receiving proxy detecting a transmission error associated with the data packet; wherein the receiving proxy cache is further configured to transfer the plurality of data packets from the first buffer to a second buffer in the receiving proxy cache in response to the plurality of data packets transmitted to the first buffer being complete; wherein the receiving proxy cache is further configured to store the plurality of data packets in the second buffer; and wherein the receiving proxy cache is further configured to forward the plurality of data packets from the second buffer to a client receiver via at least one data stream connection in response to a request.

149. Since at least the time of receiving the original complaint in this action, Defendant has also indirectly infringed and continues to indirectly infringe the ’480 patent by inducing others to directly infringe its claims. Defendant has induced and continues to induce customers and end-users, including, but not limited to, Defendant’s customers, employees, partners, or contractors, to directly infringe, either literally or under the doctrine of equivalents, the ’480 patent by providing or requiring use of the Accused Products. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the ’480 patent, including, for example, claim 44. Such steps by Defendant included, among other things, advising or directing customers, personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Defendant is performing these steps, which constitute induced infringement with the knowledge of the ’480 patent and with the knowledge that the induced acts constitute infringement. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the ’480 patent. Defendant’s inducement is ongoing.

150. Defendant has also indirectly infringed and continues to indirectly infringe by contributing to the infringement of the ’480 patent. Defendant has contributed and continues to contribute to the direct infringement of the ’480 patent by its customers, personnel, and contractors. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the ’480 patent, including, for example, claim 44. The special features constitute a material part of the

invention of one or more of the claims of the ’480 patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendant’s contributory infringement is ongoing.

151. Defendant has had knowledge of the ’480 patent at least as of the date when it was notified of the filing of this action.

152. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus has been willfully blind of E2E Systems’ patent rights.

153. Defendant’s actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

154. Defendant’s infringement of the ’480 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of E2E Systems’ rights under the patent.

155. E2E Systems has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to E2E Systems in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

156. E2E Systems has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. E2E Systems has and will continue to suffer this harm by virtue of Defendant’s infringement of the ’480 patent. Defendant’s actions have interfered with and will interfere with E2E Systems’ ability to license technology. The balance of hardships favors E2E Systems’ ability to commercialize its own ideas and technology. The public interest in allowing E2E Systems to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

E2E Systems hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

E2E Systems requests that the Court find in its favor and against Defendant, and that the Court grant E2E Systems the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of each of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of each of the Asserted Patents by such entities;

c. Judgment that Defendant accounts for and pays to E2E Systems all damages to and costs incurred by it because of Defendant's infringing activities and other conduct complained of herein;

d. Judgment that Defendant's infringements be found willful as to each of the Asserted Patents, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e. Pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. That this Court declare this an exceptional case and award E2E Systems its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285;

g. That this Court enjoin Defendant's further infringement of each of the Asserted Patents; and

h. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 28, 2026

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088) *
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Ave., Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

***Attorneys for Plaintiff E2E SYSTEMS LLC***

*Admitted to the Eastern District of Texas

**List Of Exhibits**

A. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,037,041
B. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,826,567
C. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,725,128
D. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,400,640
E. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,933,293
F. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 8,565,164
G. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,574,553
H. Exemplary Evidence of Use Regarding Infringement of U.S. Patent No. 7,643,480